UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MARTINS O.,[1]
Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-06890-RLP

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING AS MOOT MOTION TO APPOINT COUNSEL AND MOTION FOR TEMPORARY RESTRAINING ORDER

**ECF Nos. 1, 3, 4**

Before the Court are Petitioner Martins O.'s Petition for Writ of Habeas Corpus, ECF No. 1, Motion to Appoint Counsel, ECF No. 3, and Motion for Temporary Restraining Order, ECF No. 4. Respondent Warden of the Central Valley Annex Detention Facility filed a Response, ECF No. 9. Having reviewed the filings and applicable law, the Court dismisses the petition without prejudice and denies the motions for appointment of counsel and temporary restraining order

as moot.

BACKGROUND

Petitioner is a citizen of Nigeria. ECF No. 1 at 33. He was taken into United States Immigration and Customs Enforcement's ("ICE") custody on or about February 20, 2026, or May 28, 2026, and has remained in their custody since. *Id.* at 5, 33. He is currently detained at Central Valley Annex Detention Facility, 254 Taylor Avenue, McFarland, California. *Id.* at 19.

Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 28, 2026. ECF No. 1. Petitioner argues he is detained in ICE custody in violation of the Due Process Clause of the Fifth Amendment. *Id.* at 2, 5. He asserts he has not been provided with a bond hearing to determine whether his detention is justified based on danger or flight risk. *Id.* at 5. Instead, he asserts

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

he has been scheduled for bond hearings outside his detention jurisdiction twice. *Id.* at 6. Thus, Petitioner requests the Court order his release. *Id.* at 18.

Respondent filed a Response indicating Petitioner is bond-eligible and a bond hearing was scheduled for September 4, 2026, at 254 Taylor Avenue, McFarland, California. ECF Nos. 9, 9-1. However, Respondent is unaware of the outcome of the hearing. ECF No. 9. Respondent argues there is no further remedy the Court can presently provide because "Petitioner has not received all the process he is due." *Id.* Accordingly, Respondent requests the Court dismiss the case. *Id.*

Additionally, Petitioner filed a Motion to Appoint Counsel, ECF No. 3, requesting that the Court appoint counsel to represent him in this case pursuant to 18 U.S.C. § 3006A(a)(2)(B), as well as a Motion for Temporary Restraining Order, ECF No. 4, requesting that the Court order his immediate release or a bond hearing.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be

granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## DETENTION UNDER 8 U.S.C. § 1226(a)

Section 1226 governs the detention of noncitizens pending a decision on removal. Under Section 1226(a), the government may detain a noncitizen pending removal proceedings or release the noncitizen on bond or conditional parole. *See Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). After the government makes an initial custody determination, a noncitizen detained under Section 1226(a) may seek a bond redetermination under 8 C.F.R. § 236.1(d) before an immigration judge and may appeal an adverse decision to the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 236.1(d) (2026); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196–97 (9th Cir. 2022).

## EXHAUSTION

Although exhaustion under 28 U.S.C. § 2241 is prudential rather than jurisdictional, the Ninth Circuit generally requires a noncitizen challenging an immigration custody determination to exhaust available administrative remedies before seeking habeas relief. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). A court may excuse prudential exhaustion when "administrative

remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Section 236.1(d) of Title 8 of the Code of Federal Regulations provides an administrative remedy after an initial immigration custody determination: a detainee may seek a custody redetermination before an immigration judge and appeal an adverse determination to the BIA. 8 C.F.R. § 236.1(d) (2026). In *Leonardo*, the Ninth Circuit held that a detainee who sought habeas review of an immigration judge's bond determination without first appealing to the BIA had taken an improper "short cut," and directed dismissal without prejudice. *Leonardo*, 646 F.3d at 1160.

ANALYSIS

Petitioner argues his detention violates the Due Process Clause of the Fifth Amendment. *Id.* at 2, 5. He asserts he has not been provided with a bond hearing in his detention jurisdiction to determine whether his detention is justified based on danger or flight risk. *Id.* at 5–6. Respondent argues that the Court should dismiss the case, reasoning that "Petitioner has not received all the process he is due" because Petitioner is bond-eligible and was scheduled for a bond hearing on September 4, 2026. ECF Nos. 9, 9-1. However, Respondent is unaware of the

outcome of the bond hearing. ECF No. 9.

The Court does not reach Petitioner's constitutional argument because Petitioner must first exhaust the administrative remedies available to him. *See Leonardo*, 646 F.3d at 1160; 8 C.F.R. § 236.1(d). Respondent documented that the immigration court scheduled Petitioner for a bond hearing at the same address as Petitioner's detention facility, 254 Taylor Avenue, McFarland, California. ECF Nos. 1 at 19, 9-1. Thus, Petitioner's concerns about bond hearings not being scheduled or being scheduled outside his detention jurisdiction, *see* ECF No. 1 at 5–6, have been resolved.

The Court has not been informed of the result of the bond hearing, but regardless of the outcome, the record does not establish that Petitioner has since exhausted administrative appeal remedies available to him under 8 C.F.R. § 236.1(d) or that the exhaustion requirement should be excused. *See Leonardo*, 646 F.3d at 1160; *Hernandez*, 872 F.3d at 988 (quoting *Laing*, 370 F.3d at 1000). Like the *Leonardo* detainee who had taken an improper "short cut" by seeking habeas review without first appealing to the BIA, Petitioner's request takes a "short cut" by seeking habeas review before appealing to an immigration judge and the BIA. *See Leonardo*, 646 F.3d at 1160.

Therefore, Petitioner's Petition for Writ of Habeas Corpus is dismissed without prejudice, and Petitioner's Motions for Appointment of Counsel and Temporary Restraining Order are denied as moot.

Accordingly, **IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. 1**, is **DENIED WITHOUT PREJUDICE**.

2. Petitioner's Motion to Appoint Counsel, **ECF No. 3**, is **DENIED AS MOOT**.

3. Petitioner's Motion for Temporary Restraining Order, **ECF No. 4**, is **DENIED AS MOOT**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter judgment accordingly, provide copies of this order to counsel, and **CLOSE THE FILE**. Judgment shall be entered in favor of Respondent, and a copy of this order shall be transmitted to Petitioner by mail.

DATED September 17, 2026.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE